UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| XALETA COPELAND, Plaintiff, -v- PAUL GOODWIN, Defendant. | : | 24-CV-4361 (JMF) <br> MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

By Order dated June 11, 2024, the Court directed Defendant Paul Goodwin, who removed this case from Bronx County Family Court, to show cause why the case should not be remanded, citing a number of "apparent defects" in the Notice of Removal. *See* ECF No. 6 ("OTSC"). On June 30, 2024, a short response from Defendant was docketed, in which he argues that removal was indeed proper, *see* ECF No. 10, but falls well short of persuading the Court that remand is not required.

For starters, Defendant's response only addresses one of the "apparent defects": namely, the jurisdictional issue of whether this Court would have had original jurisdiction over this action. It does not address the various procedural defects that appear to plague his notice of removal. *See* OTSC at 1-2 (noting that "Defendant does not appear to have filed the original pleadings from the underlying action" and fails to allege facts demonstrating that his notice of removal was timely).

Moreover, his arguments as to federal question jurisdiction are unpersuasive. The only issues of federal law that Defendant insists are presented in this case — purported violations of the Fourteenth Amendment and "federal laws governing subrogation and suretyship" — seem to

pertain to his *defenses* in the underlying action, not the underlying complaint. *See* ECF No. 10. As the Court explained in its earlier Order, that does not suffice. *See* OTSC at 2 ("Federal question jurisdiction 'exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' . . . Where a complaint alleges only state law claims, it 'may not be removed to federal court on the basis of a federal defense.'" (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987))).

Nor do the cases Defendant cites — *Johnson v. Mississippi*, 421 U.S. 213 (1975), and *Jana-Rock Constr., Inc. v. N.Y. State Dep't of Econ. Development*, 438 F.3d 195 (2d Cir. 2006) — help his cause. *Johnson* is not on point and, in fact, emphasizes that removal is *not* proper merely because a state court defendant alleges that the underlying action "denied them their constitutional rights." 421 U.S. at 222. *Jana-Rock Construction* has nothing to do whatsoever with removal or federal question jurisdiction.

For these reasons, among others, the Court concludes that remand is required. The Clerk of Court is directed to mail a copy of this Order to Defendant, immediately remand this case back to Bronx County Family Court, and close the case on this Court's docket.

SO ORDERED.

Dated: July 1, 2024
New York, New York

JESSE M. FURMAN
United States District Judge